# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61128-BLOOM/Valle

FADER THOMPSON REICHARD, individually
and as Beneficiary of the Amended and
Restated James E. Reichard Trust u/a/d
August 12, 2009, as amended,

      Plaintiff,

v.

HENDERSON, COVINGTON, MESSENGER,
NEWMAN & THOMAS CO., L.P.A. an Ohio
Legal Professional Corporation, and DAVID K.
HOLMQUIST, individually,

      Defendants.

_____/

## ORDER ON MOTION TO TRANSFER VENUE, OR ALTERNATIVELY, TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Transfer Venue or Alternatively to Dismiss Plaintiff's Complaint, ECF No. [22] (the "Motion") filed by Defendants, Henderson, Covington, Messenger, Newman & Thomas, Co., L.P.A. and David K. Holmquist (together, "Defendants"). Plaintiff Fader Thompson Reichard (the "Plaintiff") filed her Response, ECF No. [29], to which Defendants filed their Reply, ECF No. [30]. The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

This case involves a dispute over the administration of a trust. Defendants, a law firm and lawyer in Ohio, were retained by Plaintiff's late husband, James E. Reichard, to prepare

various trust documents prior to his death.  Complaint, ECF No. [1] ¶¶ 12, 16.  In August, 2009, Mr. Reichard executed the Amended Restated James E. Reichard Trust (the "Trust").  *Id*. ¶ 17.  At the time of executing the Trust, Plaintiff and Mr. Reichard lived in Ohio.  *Id*.  The items held in trust are 271 common shares of Fairfield Avenue Leasing Co. and two life insurance policies.  *See* ECF No. [1-4] at 25, Schedule A.

In February, 2010, Plaintiff and Mr. Reichard moved to Broward County, Florida.  ECF No. [1] ¶ 14.  Thereafter, in May, 2015, Mr. Reichard executed an amendment to the Trust (the "2015 Amendment"), which modified the disposition of trust assets and payment schedule in Article 3.02(a) of the Trust.  *See* ECF No. [1-5] at 1-2.  The 2015 Amendment also contained a provision adding that "[t]his trust shall be interpreted and controlled in accordance with Ohio trust law as if signed and delivered in the State of Ohio."  *Id*. at 2.

In June, 2017, Mr. Reichard executed a second amendment to the Trust (the "2017 Amendment"), which again modified the disposition of trust assets and payment schedule contained in Article 3.02(a).  *See* ECF No. [1-6] at 1-2.  Shortly thereafter, Mr. Reichard executed a Last Will and Testament (the "Will), ECF No. [1-7], also prepared by Defendants, which disposes of Mr. Reichard's property not held in trust, and which contains a pour-over provision directing any remainder of Mr. Reichard's estate not provided for in the Will for disposition in accordance with the terms of the Trust.  *See* ECF No. [1-7] at 2, ITEM VI.  Both the 2015 and 2017 Amendments to the Trust subsequently were found to be invalid by a state court in Florida.  ECF No. [1] ¶ 30.

According to Plaintiff, Defendants were negligent in preparing Mr. Reichard's 2015 and 2017 Amendments to the Trust and the Will. Despite their knowledge that Mr. Reichard lived in Florida, the Plaintiff contends that the Amendments do not comply with legal requirements under

Florida law, and the Will lacks a governing law provision, which could subject Plaintiff's portion of the Trust residue to estate tax liability, in spite of marital deductions available under federal law. Defendants have requested that the Court transfer this case to the Northern District of Ohio, or in the alternative, that the Court dismiss this case for failure to state a claim because Plaintiff lacks standing under Ohio law.

## II.    LEGAL STANDARD

### A.  Transfer of venue

Generally, venue in federal civil actions is governed by 28 U.S.C. § 1391. "Pursuant to § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *TMJ Practice Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV-MARRA/MATTHEWMAN, 2017 WL 3130421, at *3 (S.D. Fla. July 24, 2017). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1404(a) of Title 28 of the United States Code embodies a codification and revision of the *forum non conveniens* doctrine, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), and it provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see also Carucel*

*Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1222-23 (S.D. Fla. 2016) ("Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). "[T]he burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). "Ultimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1282 (S.D. Fla. 2012) (quoting *Steifel*, 588 F. Supp. 2d at 1339).

## B. Failure to state a claim

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are

required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## III.   ANALYSIS

### A.  Transfer is not appropriate in this case

Defendants argue that this case should be transferred to the Northern District of Ohio because application of the relevant convenience and fairness criteria weigh heavily in favor of transfer. In response, Plaintiff argues that Defendants fail to meet their burden in establishing that transfer is appropriate in this case. The Court agrees.

"To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a)." *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263-64 (S.D. Fla. 2013). "First, courts determine whether the action could have been brought in the

venue in which transfer is sought.  Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." *Id.* at 1263 (citation omitted).  In the instant matter, the parties do not dispute that venue would be proper in the Northern District of Ohio. Thus, the Court proceeds directly to the second step.

In deciding the second step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.* (quoting *Abbate v. Wells Fargo Bank, Nat. Ass'n*, No. 09-62047-Civ, 2010 WL 3446878, at *4-5 (S.D. Fla. Aug. 31, 2010) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).  "The convenience of non-party witnesses is an important, if not the most important, factor in determining whether a motion for transfer should be granted." *Carucel Invs., L.P.*, 157 F. Supp. 3d at 1228 (quoting *Cellularvision Tech. & Telecomms., L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006)).

In support of their request for transfer, Defendants argue that most of the pertinent witnesses reside in Ohio, specifically identifying Mr. Reichard's sons, Keith and Duane Reichard; that business records of the Trust, Fairfield Avenue Leasing Co., and of Defendants are all located in Ohio; that compulsory process would not be available to compel unwilling Ohio witnesses if this action remains before this Court; that the Trust is governed by Ohio law and Defendants believe that the issue of legal malpractice should be too; and that trial efficiency and the interests of justice favor Ohio.

Upon review, however, Defendants fail to show that the balance of factors strongly favors them such that this action should be transferred. First, Defendant identifies only two non-party witnesses located in Ohio, while Plaintiff identifies additional likely relevant non-party witnesses located in Florida, which Defendants do not dispute. In addition, while the Court gives weight to Defendant Holmquist's age and health, this fact alone does not override the Court's primary consideration of convenience to non-party witnesses. Therefore, this factor does not weigh heavily in favor of transfer.

Second, the location of relevant records warrants little weight, since Defendants do not elaborate upon why access and production of documents in this case, especially in this day and age, would be unduly burdensome or otherwise necessitate that this action be centered in Ohio. *See Mason*, 146 F. Supp. 2d at 1364 ("[I]n light of technological advancements in document imaging, management, and retrieval, it is unlikely that document production will be unduly burdensome if transfer is denied.").

Third, with respect to the availability of compulsory process to compel unwilling witnesses, "[t]he burden . . . falls upon the moving party to make a showing of 'whether, though inconvenienced, the enumerated witnesses would attend trial.'" *Trafalgar*, 878 F. Supp. 2d at 1287 (quoting *Mason*, 146 F. Supp. 2d at 1362). Here, Defendants assert only that they do not know if Mr. Reichard's sons would voluntarily appear. Thus, this factor does not weigh heavily in favor of transfer.

Fourth, Defendants have not made a sufficient showing that trial efficiency and the interests of justice weigh heavily in favor of transfer to Ohio. As indicated by Plaintiff and not disputed by Defendants, the Southern District of Florida is more expedient than the Northern District of Ohio in moving cases toward resolution, either by trial or other means. *See* ECF No.

[29] at 10 (citing the Federal Court Management Statistics, accessible at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf). And while Defendants maintain that choice of law favors Ohio and, as such, should weigh in favor of transfer, the Court finds that the determination of which state's law applies to Plaintiff's claim is more appropriately analyzed in the context of Defendants' request for dismissal in the alternative.

### B. Ohio law applies to Plaintiff's negligence claim

Defendants argue that the Complaint should be dismissed for failure to state a claim because, under Ohio law, Plaintiff lacks standing to assert a claim against Defendants. In response, Plaintiff argues that Florida law applies, and that under Florida law, an intended third-party beneficiary has standing to assert a claim for professional negligence. Thus, the Court must undertake a choice of law analysis.

The parties agree that in a diversity case such as this involving a tort-based claim, the Court must apply the substantive law of the forum state, including the forum's choice of law rules. *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Thus, the Court applies Florida's choice of law rules. "Florida resolves conflict-of-laws questions according to the 'most significant relationship' test outlined in the Restatement (Second) of Conflict of Laws." *Id.* (citing *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980)). Pursuant to the significant relationships test, "all substantive issues are to be determined in accordance with the law of the state having the most significant relationship to the occurrence and the parties." *Cont'l Cas. Co. v. The Cura Grp.*, No. 03-618846-CIV-ALTONAGA/McAliley, 2007 WL 9700733, at *4 (S.D. Fla. Jan. 23, 2007) (citing *Bishop*, 389 So. 2d at 1001). "In effect, *Bishop* creates a two-part test in which the Court must first evaluate

each state's contacts with the parties and the alleged incident and then determine, in light of the policy considerations set forth in section 6 of the Restatement, which state has the most significant contacts to the matter." *Id*. at *5. The relevant policy considerations that underlie the choice of law test include:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws, § 6 (1971). Accordingly, the Court analyzes contacts with each state in context with the relevant policy considerations.

### a. Contacts analysis

The Court must first evaluate four relevant types of contact – 1) the place where the injury occurred, 2) the place where the conduct causing injury occurred, 3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and 4) the place where the relationship, if any, between the parties is centered. *Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, 625 F. Supp. 2d 1198, 1219 (S.D. Fla. 2008) (quoting Restatement (Second) of Conflict of Laws, § 145(2)).

As alleged, Plaintiff's injury arose in Florida, where she resides, where the Trust Amendments and Will were executed, where Mr. Reichard's will is currently in probate, and

where Plaintiff would be entitled to payment under the Trust and the 2015 and 2017 Amendments.

Plaintiff next contends that the place where the conduct causing injury occurred is Florida, because Mr. Reichard was a resident of Florida when the Trust Amendments and Will were drafted, Defendant sent the documents to Florida, and Mr. Reichard executed the documents in Florida. However, Plaintiff's claim stems from Defendants' alleged negligence in drafting those documents. Tthus, the relevant critical conduct that caused the injury is the drafting. Therefore, the fact that Mr. Reichard's estate is pending in Broward County, and that a Florida state court determined that the Trust Amendments are invalid (presumably under Florida law), is beside the point on this factor of the Court's analysis. Because the documents were drafted in Ohio by an Ohio lawyer at an Ohio law firm, the place where the conduct causing injury occurred is Ohio.

The next contact for consideration is domicile, residence, nationality, place of incorporation and the place of business of the parties. Defendants are domiciled in and residents of Ohio, while Plaintiff is domiciled in and a resident of Florida. Defendants emphasize in addition that Mr. Reichard and Plaintiff were residents of Ohio until 2010, the Trust was established in Ohio to be governed by Ohio law and the primary asset in trust is an Ohio company. However, these facts are ancillary. The Court's inquiry focuses on the parties themselves not of underlying conduct or assets in trust.

Finally, either Ohio or Florida can be viewed as the place where the relationship between the parties is centered because Defendants' work on behalf of Mr. Reichard began while he and Plaintiff were in Ohio, and continued after Mr. Reichard and Plaintiff relocated to Florida.

Overall, both Ohio and Florida have significant contacts to Plaintiff's claim. Nevertheless, the Court must consider which state's contacts are more significant in light of the relevant policy considerations.

        b. <u>Policy considerations</u>

Upon review of the relevant policy considerations, the Court determines that Ohio has the most significant interest in Plaintiff's professional negligence claim and therefore, that Ohio law should apply. Indeed, when balancing the policy considerations and interests involved, including the justified expectations of attorneys practicing in Ohio, the Court finds that Ohio has the more compelling interest.

It is well established that "attorneys in Ohio are not liable to a third party for the good-faith representation of a client, unless the third party is in privity with the client for whom the legal services were performed." *Shoemaker v. Gindlesberger*, 887 N.E.2d 1167, 1170 (Ohio 2008) (citation omitted). "This rule is rooted in the attorney's obligation to direct attention to the needs of the client, not to the needs of a third party not in privity with the client." *Id.* (citing *Simon v. Zipperstein*, 512 N.E.2d 636 (Ohio 1987)). Ohio law thus protects the attorney-client relationship by minimizing the possibility of conflicting duties, especially during estate planning, while protecting attorneys from potentially unlimited liability. *See id.* at 1171. Therefore, an Ohio attorney has the justified expectation that he will only be liable to his client for negligence.

In contrast, Florida has a more expanded rule in which an intended third-party beneficiary may assert a claim for professional negligence even though strict privity is lacking. *See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner*, 612 So. 2d 1378, 1380 (Fla. 1993) ("[W]e adhere to the rule that standing in legal malpractice actions is limited to those who can show that the testator's intent *as expressed in the will* is frustrated by the negligence of the

testator's attorney.") (emphasis in original). And while Florida has a strong interest in protecting its citizens from professional negligence by attorneys, its interest in regulating out-of-state conduct by out-of-state attorneys must yield to Ohio's interest in regulating its own attorneys' conduct. This is especially true because Ohio, unlike Florida, has a strict privity rule, demonstrating Ohio's preference for protecting its attorneys from suit by non-clients in such instances. Accordingly, the Court determines that Ohio law applies to Plaintiff's professional negligence claim.

### C. Plaintiff lacks standing to assert a claim under Ohio law

Defendants argue that if Ohio law applies to Plaintiff's claim, she lacks standing in this case. Because the Court has determined that Ohio law applies, the Court agrees. Indeed, "potential beneficiaries have no right to sue the attorney who represented the settlor of a trust for alleged mistakes arising from pre-death estate-planning matters." *Meisler v. Weinberg*, 90 N.E.3d 146, 148 (Ohio Ct. App. 2017) (citation omitted). Moreover, Plaintiff also lacks standing to assert a claim premised upon the negligent drafting of Mr. Reichard's will. *See Shoemaker*, 887 N.E.2d at 1168 ("a beneficiary of a decedent's will may not maintain a negligence action against an attorney for the preparation of a deed that results in increased tax for the estate."). Therefore, Plaintiff lacks standing.

## IV.    CONCLUSION

For the reasons set forth, Defendants' Motion, **ECF No. [22]**, is **GRANTED IN PART AND DENIED IN PART**. Defendants' request to transfer venue to the Northern District of Ohio is denied. However, Plaintiff lacks standing to assert a claim for professional negligence against Defendants arising from their estate planning for Mr. Reichard before his death.

Accordingly, Defendants' request for dismissal is granted, and the Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record